UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICHOLAS PETTIS | No. 1:21-cr-00041-LEW |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

The United States of America, by and through its undersigned attorneys, objects to the Defendant's Petition for Compassionate Release [DKT No. 46]. The defendant argues that there are extraordinary and compelling reasons warranting his release relating to his alleged family situation. The record provided by the defendant does not clearly establish a factual predicate for his requested relief. In addition, the facts cited by the defendant were raised by the defendant and considered by the Court at the initial sentence, and nothing in the pleading indicate that they exist to a greater degree at this time. Finally, even if exceptional circumstances were established, there is no indication that § 3553(a) factors would weigh in favor of release in this case.

### I. Background

On April 13, 2021, Pettis pleaded guilty to a one-count information alleging possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B) [DKT Nos. 1, 15]. The court calculated the guideline as a total offense level 33 (including 3-point reduction for acceptance of responsibility) and criminal history category I, for a sentencing range of 135 to 168 months [DKT 47-1]. The Court then imposed a below-guideline sentence of 120 months followed by five years of supervised release. *Id*. The defendant's psoriasis and child-care issues were described in the PSR and known to the Court at the time of sentencing [DKT. No. 26, ¶¶ 13, 42].

The offense conduct in the case involved the possession and trading of several

1

videos of prepubescent children being sexually abused by adult men. *Id.*, ¶¶ 6, 7. Many of the children were under 5. *Id.* Some showed graphic sexual abuse, including torture. *Id.* Petting belonged to chatgroups named "Sinky," "Baby for Fun," "BabyzLuv," and "Babycpgroup." *Id.*, ¶ 7. The PSR also noted some indication that Pettis's receipt of an image showing the genitals of a girlfriend's infant child was not innocent. *Id.*, ¶ 8. For sentencing, Pettis submitted a psych sexual examination indicating that he had regularly masturbated to the image of a six-month-old infant he had received from the former girlfriend [DKT No. 34-3, p. 8].

As of the time of the current motion, Pettis has paid $375 of his Court-ordered restitution (and all of the mandatory special assessment of $100) [DKT No. 46-5, p. 10]. Despite substantial educational pursuits, Pettis has apparently not yet enrolled in or completed sex offender treatment. *Id.*, p. 11.

Pettis's presented his request for reduction in sentence to BOP on about October 25, 2023 [DKT No.46-1, p. 4]. The request was denied on November 6, 2023, and appealed to the Warden. *Id.* The Warden also denied the request for the same reasons: no extraordinary circumstances existed because his psoriasis is not life threatening or causing inability for self-care, and because there is no indication that the mother of his children is incapacitated or similarly impaired, and no indication there is no other relative who can serve as a care-giver. *Id.* No additional evidence to these ends has been presented with the present motion.

## LEGAL FRAMEWORK

Under certain circumstances, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, allows the Court to modify a term of imprisonment on motion by the defendant where the defendant makes a showing that extraordinary and compelling reasons warrant that relief. *See* 18 U.S.C. §

2

3582(c)(1)(A). In this regard, before a defendant-initiated motion alleging extraordinary and compelling reasons may be granted, "a district court must make three findings." *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. Jan. 12, 2022).

First, the Court must find that "the defendant has presented an 'extraordinary and compelling' reason warranting a sentence reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the Court must conclude "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). Finally, the Court must "consider any applicable section 3553(a) factors, . . . and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up). Additionally, a district court "is not required to address the section 3553(a) factors unless it finds in favor of the movant on the other issues." *Texeira-Nieves*, 23 F.4th at 52.

With respect to the first element, the Sentencing Commission provides examples of "extraordinary and compelling reasons" that may warrant a sentence reduction, including suffering from a terminal illness and being the victim of abuse, which are not relevant or argued here. *See* U.S.S.G. § 1B1.13. "A reason is extraordinary if it is beyond the mine-run either in fact or in degree." *United States v. Sunderland*, No. 2:15-cr-00120-NT, 2022 U.S. Dist. LEXIS 100153, at *5 (D. Me. June 6, 2022) (quoting *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021) (quotation marks omitted)) A reason is compelling if it is one that is "both powerful and convincing." *Id.* (quoting *Canales-Ramos*, 19 F.4th at 567) (quotation marks omitted).

Next, the Sentencing Commission's policy statements, found in U.S.S.G. § 1B1.13, provide that the Court may reduce a sentence, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," if the Court determines that

3

"extraordinary and compelling reasons warrant the reduction" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[1] U.S.S.G. § 1B1.13.

As the moving party, the Defendant bears the burden of proving that he is entitled to compassionate release, and the Court retains broad discretion in deciding whether to grant or deny his motion. *United States v. Cain*, No. 1:16-cr-00103-JAW, 2021 U.S. Dist. LEXIS 104467, at *12 (D. Me. June 3, 2021). *See also United States v. Sepulveda*, 34 F.4th 71, 75 (1st Cir. May 13, 2022) (stating that a district court's decision to grant or deny a motion for compassionate release is discretionary).

## I.   Exhaustion of Administrative Remedies

The defendant's present motion exhausts administrative remedies in that it brings the same basis for relief and appears to add no additional facts to those considered by BOP. To the extent the defendant may claim he is arguing new facts, the motion should be denied for failure to exhaust administrative remedies, and BOP should be able to assess the relied-upon information.

## II.   Legal Argument

A. <u>The Defendant has failed to establish that extraordinary and compelling reasons warrant a reduction of his sentence.</u>

   1. <u>The defendant has not established that his child's caregiver is incapacitated.</u>

The defendant makes no claim that his children's mother is dead or incapacitated. To the contrary, he claims that she is the children's primary care-giver, and the implication is that the state has not terminated or suspended her parental rights, despite purported

---

[1] Prior versions of U.S.S.G. § 1B.13 did not apply to prisoner-initiated motions for compassionate release. Effective November 1, 2023, however, the policy statement is now applicable to both defendant-initiated and BOP-filed motions and properly governs the Defendant's motion. *See United States v. Newton*, No. 1:17-cr-00073-JAW, 2023 WL 8529442, at *6 n.5 (D. Me. Dec. 8, 2023).

4

visits by DHHS.

A defendant's "family circumstances" may qualify as extraordinary and compelling reasons warranting compassionate release. *See* U.S.S.G. § 1B1.13(b)(3). A defendant may be eligible for a sentence reduction due to the "the death or incapacitation of the caregiver of the defendant's minor child," or similar circumstances when the defendant would be the only available caregiver for an immediate family member. *Id.*

Here, the defendant makes no showing that he is the only available caretaker of his children. Instead, he simply disqualifies wife and makes no claim that no one else is available or suitable. *See United States v. Newman*, No. CR-122-031, 2024 U.S. Dist. LEXIS 33607, at *4 (S.D. Ga. Feb. 27, 2024) ("Yet, again, Defendant provides no evidence that either his wife or his father is incapacitated or that Defendant is the *only* available caregiver. His conclusory statements are insufficient to carry his burden of persuasion."); *see also United States v. Romano*, No. 22-CR-12 (KAM), 2023 WL 8735203, at *3 (E.D.N.Y. Dec. 19, 2023).

Additionally, the defendant fails to articulate why his release would change the situation with his children—that is, there is no indication on the record that his release would necessarily change the children's current living situation or otherwise affect the conditions he raises as concerns.

    2. <u>The defendant's medical condition is not qualifying.</u>

The defendant also does not describe or support finding any medical condition within U.S.S.C. § 1B1.13(b)(1). Nothing in his record indicated that his condition is life-threatening, that it is terminal and he has a prognosis of life expectancy, or that it substantially diminishes his ability to apply self-care in the prison environment.

    3. <u>The defendant's family and medical conditions are substantially the same as when he was sentenced.</u>

If the prisoner meets the extraordinary and compelling circumstances standard

5

necessary to justify compassionate release, 'the district court must [also] consider any applicable section 3553(a) factors,' *Ruvalcaba*, at 28, to 'determine whether, in its discretion, the reduction. . .is warranted in whole or in part under the particular circumstances of the case.' *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021)." *United States v. Meader*, 2022 WL 823923, at *5. Where, as here, a circumstance is largely the same as when a defendant entered BOP custody, his justification for seeking compassionate release is neither extraordinary nor compelling, and thus not a basis for the Court to order compassionate release. *United States v. Black*, 2022 WL 1487035, at *2 (May 11, 2022) (Singal, J).

    4.  <u>The defendant remains a danger to the community.</u>

The assessment of whether the defendant poses a danger to the community turns on consideration of the factors in 18 U.S.C. § 3142(g). Those factors are also considered in the Court's analysis of the factors in § 3553(a). Here, the defendant has failed to meet his burden of showing that, if released, "the safety of any other person and the community" would reasonably be assured. 18 U.S.C. § 3142(g). As shown below, the government submits that the defendant remains a danger to the community.

    5.  <u>The factors in 18 U.S.C. § 3553(a) weigh against the defendant's release.</u>

If the Court concludes that the defendant has not demonstrated an "extraordinary and compelling reason" warranting a reduction, it may end its analysis and deny the motion. *See Saccoccia*, 10 F.4th at 8 ("Though the section 3553(a) factors may serve as an independent basis for a district court's decision to deny a compassionate-release motion," they "need only be addressed if the court finds an extraordinary and compelling reason favoring release"). But, even if the Court does find extraordinary and compelling circumstances, the § 3553(a) do not support early release.

Applying the § 3553(a) factors here, the government submits that the nature and

circumstances of the defendant's offense, his history and characteristics, and the need for the sentence to reflect the seriousness of the offense, protect the public, afford adequate deterrence, promote respect for the law, and provide just punishment, all warrant a denial of the defendant's motion.

### Section 3553(a) Factor – History and Characteristics of the Defendant

When reviewing the history and characteristics of the defendant, the fact most relevant to the Court's consideration of whether this defendant poses a danger to the community if released is his underlying conduct of receiving, trading, and masturbating with images of very young girls being violently sexually violated, and receiving and masturbating with the image of an infant known to him.

### Section 3553(a) Factor – Nature and Circumstances of the Offenses

The offense involved the serial trading and online communication concerning videos of the violent exploitation of infants and toddlers.

### Section 3553(a) Factor – Protecting Public from Future Crimes by Defendant

These crimes involve children and a sexual interest in children that the defendant appears unwilling to attempt to control, and he has in fact denied his interest in these.

### Section 3553(a) Factor – Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment.

Congress has enacted a mandatory minimum sentence of 10 years for recidivists of the defendant's ilk. Moreover, the seriousness of the defendant's current offense, reflecting the curated and disturbing videos collected over time, and the targeting of infants and toddlers subjected to sexual violence, and the receipt and possession of violent images depicting the abuse of toddler-ages children, independently warranted a ten-year sentence followed by supervised release. The early termination of Mr. Pettis's sentence

would not adequately reflect the seriousness of his conduct and the danger it poses to the victim children and the community at large.

Mr. Pettis's conduct stood out in many regards; still, he is not the only defendant who has received a significant sentence for a crime with a similar constellation of aggravators. The requested reduction would create a disparity between the defendant and other similarly situated offenders.

The Court can and should take into consideration the defendant's rehabilitative efforts while in prison, as supported by his submission. But on the whole, (and considering that these efforts are not focused on sex offender treatment) the government respectfully submits that the early termination requested by the defendant is not indicated by a fair application of § 3553(a).

## CONCLUSION

The government respectfully submits that the defendant's motion should be denied. The government also notes that the defendant's 3582 motion is meritless because he is ineligible for relief under the statute, as set forth by the Probation Office in DKT No. 47.

Date: September 27, 2024

Respectfully submitted,

Darcie N. McElwee
United States Attorney

By:  /s/ Chris Ruge
Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, ME 04401
(207) 945-0373
chris.ruge@usdoj.gov

8

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on September 27, 2024, I electronically filed the Government's Response in Opposition to Defendant's Motion for Compassionate Release with the Clerk of Court using the CM/ECF system. I further certify that a copy of this filing will be sent to Nicholas Pettis via first class mail as of this date as follows:

Nicholas Pettis Register No. 39444-509
FMC Devens
Federal Correctional Institution
P.O. Box 879
Ayer, MA 01432


                                  Darcie N. McElwee
                                  United States Attorney

By:    ***/s/Chris Ruge***
            Assistant U.S. Attorney
            United States Attorney's Office
            202 Harlow Street
            Bangor, ME 04401
            (207) 945-0373
            chris.ruge@usdoj.gov