UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00041-LEW |
| | ) | |
| NICHOLAS PETTIS, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On December 3, 2021, I sentenced Defendant Nicholas Pettis to a 120-month term of imprisonment following his guilty plea to a charge of Possession of Child Pornography. On September 6, 2024, Mr. Pettis filed a pro se Motion for Compassionate Release (ECF No. 46). Mr. Pettis previously requested, and was denied, compassionate release at the administrative level, Def.'s Mot. Att. 1, ECF. No. 46-1 at 1-7, thus fulfilling the statutory exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). On September 27, 2024, the United States filed a Response in Opposition (ECF No. 49) to Mr. Pettis's request. For the following reasons, Mr. Pettis's Motion will be DENIED.

A district judge can "vacate, alter, or revise a sentence previously imposed" only in "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). By statute I may reduce Mr. Pettis's sentence if "extraordinary and compelling reasons" support the reduction when considered with the statutory general sentencing factors of 18 U.S.C. § 3553(a). My inquiry is three-part: (1) has the defendant presented "extraordinary and compelling" circumstances, 18 U.S.C. § 3582(c)(1)(A); (2)

is a reduction in sentencing "consistent with applicable policy statements issued by the Sentencing Commission," *id.*; and (3) considering any applicable 18 U.S.C. § 3353(a) factors, is a reduction warranted in whole or part given the circumstances. *See United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022). This is not holistic, however, and I need not consider the Section 3353(a) factors if I do not find for the defendant on the other issues. *Id.*

Mr. Pettis gives two reasons why extraordinary and compelling circumstances exist in his case: his severe plaque psoriasis and the physical and mental health of his minor children. These circumstances, alone or together, are not "extraordinary and compelling" circumstances as envisioned in 18 U.S.C. § 3582. Mr. Pettis has not shown his psoriasis compels his release. United States Sentencing Guidelines provide that "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" can be "extraordinary and compelling." U.S.S.G. § 1B1.13(b)(1). Although Mr. Pettis alleges his condition is being mismanaged, the record indicates that he has been meeting with a dermatologist and has been receiving medication for his psoriasis. Def. Mot. Attach 2 (ECF No. 46-2). That some prescribed medication has not worked or has adverse side effects does not rise to a level warranting a reduction in sentencing. Rather it is indicative of the typical preventative care process.

Mr. Pettis has also failed to show that his family circumstances warrant a reduced sentence. Mr. Pettis argues that his children's mental and physical health issues, poor grades, and interactions with Child Protective Services support his release, but none of

these are extraordinary and compelling reasons within the meaning of 18 U.S.C. 3582(c)(1)(A). Family circumstances that warrant early release are "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(a). Mr. Pettis has not shown that his children's caregiver is dead or incapacitated. Nor has Mr. Pettis shown he would be the only alternative caregiver were that the case. He also reports that he had limited custody of his minor children prior to his incarceration, a factor that further complicates his request. *See United States v. Lynch*, No. 19-cr-00179, 2022 WL 684376, at * (D. Me. Mar. 8, 2022) ("A successful motion for compassionate release based on the incapacity of a minor child's caregiver implicitly requires that the defendant himself can 'serve as a caretaker' instead." (quoting *United States v. Goldberg*, 12-cr-00180, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020)).

Because Mr. Pettis's situation is not extraordinary and compelling, Mr. Pettis's Motion for Compassionate Release is DENIED (ECF No. 46).

**SO ORDERED.**

Dated this 13th day of December, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge